FILED

AUG 10 2016

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IN RE:

REQUEST FROM BELGIUM PURSUANT TO THE <u>TREATY BETWEEN THE UNITED STATES OF AMERICA AND THE KINGDOM OF THE BELGIUM ON MUTUAL LEGAL ASSISTANCE IN CRIMINAL MATTERS</u> IN THE MATTER OF CRAIG BECKER

CASE NO.: '16 MC 0877

MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER

The United States is seeking an order appointing a person as a commissioner to collect evidence requested by Belgium in its attached treaty request (the "Request") made pursuant to the <u>Treaty between the United States of America and the Kingdom of Belgium on Mutual Assistance in Criminal Matters</u>, U.S.-Belg., January 28, 1988 S. TREATY DOC. 100-16 (1988) (the "Treaty"), and to seek other orders, as needed, to execute the Request as authorized by the Treaty and 18 U.S.C. §3512.[1]

The Central Authority for Belgium, pursuant to Article 1 of the Treaty, makes this Request in connection with a criminal investigation and prosecution. <u>Treaty</u>, supra art. 1. Specifically, the District Court of Mons in Belgium is conducting proceedings related to the Homicide Investigation of Craig Becker ("Becker") for the murder of his wife, Joanna Becker ("Johanna") (collectively, the "Beckers"). According to Belgian authorities, on

---

[1] The Treaty was amended and supplemented pursuant to the Treaty on Mutual Legal Assistance between the United States and the European Union, US-EU, June 25, 2003, S. TREATY DOC. NO. 109-13 (2006). <u>See</u>, "Agreement Comprising the Instrument as Contemplated by Article 3(2) of the Agreement on Mutual Legal Assistance between the United States and the European Union Signed at Washington, 28 January 1988, as to the Application of the Treaty," The US-EU Treaty and the US-Belgium Agreement entered into force on December 16, 2004.

1  October 8, 2015,[2] witnesses found Johanna lying on the sidewalk beneath a window of
2  her home. Johanna was seriously injured from an apparent fall from the window and died
3  shortly after being admitted to the hospital. Becker claims that she committed suicide by
4  intentionally jumping from the window. Becker also claims that Johanna was suffering
5  from depression and had a drinking problem. Belgian authorities believe there are
6  inconsistencies in Becker's version of the facts, and have arrested Becker and charged
7  him with murder. Pursuant to Belgian authorities' Homicide investigation and
8  prosecution, the Honorable Pamela Lonfils, Investigating Judge at the District of Mons,
9  requests the testimony of several witnesses via videoconference; three of which now
10 reside within the Southern District of California: John and Ashley Taylor ("the Taylors")
11 and Kimbrelly Walters ("Walters"). The Taylors and Walters were very close friends of
12 the Beckers and currently reside in Coronado, California.[3]

13     Federal courts, pursuant to the Treaty, statute and their inherent authority, may
14 issue orders as may be necessary for the production of the evidence requested by Belgium
15 including orders appointing a person as a commissioner to gather such evidence and
16 establishing the procedures for the production of such evidence.

17     A.    Authority to Execute the Request
18         1.    The Treaty

19     A treaty constitutes the law of the land. U.S. Const. art. VI. The provisions of a
20 treaty have equal footing with acts of Congress and are binding on the courts. Asakura v.
21 City of Seattle, Washington, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5
22 U.S. 103 (1801); In re Commissioner's Subpoenas, 325 F.3d 1287, 1291 (11th Cir. 2003).

---

[2] Within various sections of the attached Request, there are indications that the offense occurred in October of "2016," as opposed to 2015. Notwithstanding the fact that this future date would be an impossibility, the Government has confirmed that the correct date of the offense is in 2015, and that any indications to the contrary are typographical errors.

[3] In the Request, the Taylors are listed as residents of Alexandria, VA. However, after the Department of Justice received the request, their initial search revealed that the Taylors are now currently living in Coronado, CA.

Page 4 of 12

To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig, et al. v. Miller, Administrator, et al., 389 U.S. 429, 440-441 (1968); In re Commissioner's Subpoenas, 325 F.3d 1287, 1305-1306 (11th Cir. 2003); United States v. Erato, 2 F.3d 11, 15-16 (2d Cir. 1993).

The United States and Belgium entered into the Treaty for purposes of mutual legal assistance in all criminal matters. Treaty, supra Preamble to the Treaty. In accordance with the provisions of the Treaty, each state is obliged to provide assistance to the other relating to the investigation, prosecution and suppression of offenses; Id., art. 1; In re Commissioner's Subpoenas, 325 F.3d 1287, 1290 (11th Cir. 2003). Each state contemplated that it would provide the other with assistance generally comparable to that which is available to its own law enforcement authorities, which assistance includes, but is not limited to locating or identifying persons; serving documents; taking testimony of persons; and providing information and items, including documents, records and articles of evidence; Barr v. U. S. Department of Justice, 645 F. Supp. 235, 237 (E.D.N.Y. 1986), aff'd, 819 F.2d 25 (2d Cir. 1987).

The Treaty and 18 U.S.C. §3512 empower federal courts to execute treaty requests in order to comply with the United States' treaty obligations. Article 2 of the Treaty provides that "[t]he Requested State shall make thorough efforts to ascertain the location or identity of persons specified in the request." Treaty, supra Article 2. Furthermore, Article 6 of the Treaty provides that "[a] person from whom evidence is sought shall, if necessary, be compelled by subpoena to appear and to testify or to produce items, including documents, records and articles of evidence, to the same extent as in investigations or proceedings in the Requested State." Id. at art. 6. Clearly, the Treaty contemplates that federal courts will use compulsory measures to execute such requests. See also Id. at art. 16 ("The judicial authorities of the Requested State shall have jurisdiction to issue subpoenas, search warrants or other orders necessary to execute the request.").

The Treaty imposes no dual criminality requirement as a precondition for providing assistance. Consequently, each state party is obligated to provide assistance without regard to whether the conduct under investigation or prosecution would constitute an offense under the laws of the Requested State, except as otherwise provided by U.S. law. See Id., Letter of Submittal for the Treaty.

### 2. Statutory Authority Grounding Execution of Requests for Assistance

The Treaty is designed to be self-executing and requires no implementing legislation. See Id.; In re Commissioner's Subpoenas, 325 F.3d 1287, 1291 (11th Cir. 2003). However, because the procedural provisions in many treaties are minimal, in the past federal courts routinely utilized procedures authorized by 28 U.S.C. §1782 (the "commissioner" process) to execute treaty requests from foreign authorities. In re Commissioner's Subpoenas, 325 F.3d 1287, 1305-1306 (11th Cir. 2003). Substantive U.S. law regarding searches, seizures and other compulsory processes further grounded the execution of such assistance requests.

On October 19, 2009, the President signed the Foreign Evidence Request Efficiency Act of 2009 (Public Law 111-79), enacting 18 U.S.C. §3512, the full text of which is attached for the convenience of this Court. Section 3512 explicitly authorizes a federal court to:

> issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

Section 3512 directly empowers the federal courts to execute such requests and separately codifies under Title 18 the longstanding practice and procedures employed by the United States and the federal courts to execute requests by foreign authorities for assistance to the fullest extent possible under U.S. law. Congress enacted Section 3512 to make it "easier for the United States to respond to these requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. S6,810 (2009)(Statement of Sen. Whitehouse).

B. <u>Execution of Foreign Requests for Assistance Under the Treaty and Section 3512.</u>

1. <u>Authorization of the Application to This Court</u>

Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation and prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing and restitution.

For purposes of Section 3512, an application is "duly authorized by an appropriate official of the Department of Justice" when the Department of Justice, Criminal Division, Office of International Affairs, has reviewed and authorized the request and is executing the request itself or has delegated the execution to another attorney for the government. In this matter, such authorization and delegation is evidenced by two letters,[4] dated July 18, and July 19, 2016 from the Department of Justice, Criminal Division, Office of International Affairs, received by the United States Attorney, transmitting the Request to this district for execution.

Section 3512(c) authorizes filing the instant application in this district, where the majority (or all) of the evidence is located.

2. <u>Foreign Authority Seeking Assistance Within Section 3512 and the Treaty.</u>

As to the "foreign authority" making the Request, Section 3512(h) provides:
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses,

---

[4] The second letter was sent to add the Taylors to the duties of the United States Attorney's Office in the Southern District of California pursuant to the Request and the Treaty. They were not initially named in the July 18th letter because the Request indicated [mistakenly] that they were residents of Virginia, not California. See footnote number 3 for further explanation.

or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

In this matter the Minister of Justice or his representative or delegate is the designated Central Authority in Belgium for requests made pursuant to the Treaty.

As evidenced by the Request itself and confirmed in the authorization process and again by the undersigned, consistent with Section 3512(a)(1), the foreign authority

seeks assistance in the investigation or prosecution of criminal offenses or in proceedings related to the prosecution of criminal offenses.

      3.    <u>Authority of the Federal Courts Under Section 3512.</u>

When enacting Section 3512, Congress intended that federal courts facilitate to the fullest extent possible the execution of requests by foreign authorities for assistance in criminal matters and endeavored to streamline and expedite the execution of such requests. Section 3512 authorizes federal courts to issue "such orders as may be necessary to execute a request" and specifically includes: orders for search warrants pursuant to Federal Rule of Criminal Procedure 41; orders for stored wire or electronic communications and related evidence under 18 U.S.C. §2703; orders for pen registers and trap and trace devices under 18 U.S.C. §3123; orders for the provision of testimony or a statement or the production of documents or other things, or both; and orders appointing "a person" to direct the taking of testimony or statements or the production of documents or other things, or both. 18 U.S.C. §3512(a)(1), (2).

The assistance requested by Belgium pursuant to the Treaty by its Investigating Judge at the District of Mons in the instant Request falls squarely within that contemplated by both the Treaty and Section 3512.

    C.    <u>Appointment of a Person as Commissioner to Collect Evidence</u>

      1.    <u>Statutory Authorization.</u>

Section 3512(b) provides that a federal judge may "issue an order appointing a person to direct the taking of testimony or statements or of the production of documents or other things, or both." The statute further authorizes the person appointed to issue

orders requiring the appearance of a person, or the production of documents or other things, or both; administer any necessary oath; and take testimony or statements and receive documents or other things.

Commensurate with past practice under 28 U.S.C. §1782, it is anticipated that a federal court would appoint an attorney for the government, typically a federal prosecutor, as "commissioner." However, Section 3512 does not place limits on whom "a person" might be, permitting the court to commission a foreign authority together with an attorney for the government. See, e.g., In re Letter of Request from the Supreme Court of Hong Kong, 138 F.R.D. 27, 29 (S.D.N.Y. 1991). "Since the power of the commissioner comes from his appointment, any person who seems appropriate to the court may be appointed commissioner." In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993).]

### 2. Procedures for Evidence Collection

Section 3512 (a) specifically empowers a federal judge to issue "such orders as may be necessary" to execute the request. This authorization encompasses orders specifying the procedures to be used to collect particular evidence, including procedures requested by the foreign authority to facilitate its later use of the evidence. In executing a request made pursuant to a treaty, a court has the obligation to prescribe effective and expeditious procedures designed to promote the purpose of the treaty. See In re Commissioner's Subpoenas, 325 F.3d 1287, 1305 (11th Cir. 2003). Nothing in Section 3512 suggests any limitation on a court's power to exercise "complete discretion in prescribing the procedure to be followed" as was available under 28 U.S.C. §1782. In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 693 (D.C. Cir. 1989), citing 1964 U.S.C.C.A.N. at 3789. See White v. National Football League, et al., 41 F.3d 402, 409 (8th Cir. 1994), cert. denied, 515 U.S. 1137 (1995) (a court may issue whatever process it deems necessary to facilitate disposition of a matter before it); Fed.R.Crim.P. 57(b).

a. <u>Procedures Authorized by Other Statutes</u>.

In addition, Section 3512 references specific U.S. laws for obtaining certain evidence and, by doing so, adopts any statutorily mandated procedures in relation to obtaining orders for search warrants; orders for contents of stored wire or electronic communications or for records related thereto; and orders for a pen register or a trap and trace device.

b. <u>Orders by the Person Appointed; Commissioner Subpoenas</u>

Section 3512 authorizes the "person" appointed (here, and in past practice under 28 U.S.C. §1782, the "commissioner") to issue orders "requiring the appearance of a person, or the production of documents or other things or both." Further, Article 6 of the Treaty provides for the issuance of procedural documents, such as subpoenas, to gather evidence: "[a] person from whom evidence is sought shall, if necessary, be compelled by subpoena to appear and to testify or to produce items, including documents, records and articles of evidence, to the same extent as in investigations or proceedings in the Requested State." <u>Id.</u> at art. 6.

If a federal district court so orders, the commissioner may use the attached form, still entitled "commissioner's subpoena," to obtain the requested evidence. See In re: <u>Commissioner's Subpoenas</u>, 325 F.3d 1287, 1291 (2d Cir. 1993) (incorporating in pertinent part a district court's order directing use of commissioner's subpoenas); <u>United States v. Erato</u>, 2 F.3d 11, 13-14 (2d Cir. 1993) (same). This commissioner's subpoena is simply a version of the Aorder@ to be issued by the person appointed by the court under Section 3512 to direct the production of evidence. Section 3512 expressly authorizes the service and enforcement of such orders, or commissioner's subpoenas, anywhere in the United States (i.e., coextensive with the service of subpoenas in U.S. criminal investigations and prosecutions).

c. <u>Notice of Evidence Taking</u>

As an initial matter, this application is being made <u>ex parte</u>, consistent with U.S. practice in its domestic criminal matters and its prior practice on behalf of foreign

authorities under 28 U.S.C. §1782. <u>In re Letter of Request from the Crown Prosecution Service of the United Kingdom</u>, 870 F.2d 686, 688 (D.C. Cir. 1989); <u>In re Letters Rogatory from the Tokyo District, Tokyo, Japan</u>, 539 F.2d 1216, 1219 (9th Cir. 1976). The Treaty itself contemplates the need for confidentiality with respect to all aspects of the execution of requests. Article 14 of the Treaty provides that: "[u]pon the request of the Requesting State, the Requested State shall use its best efforts to keep confidential a request and its contents." Treaty, supra at art. 14.

Both Section 3512 and Article 6 within the Treaty authorize use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal investigations or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any party other than the recipients (i.e., no notice to targets or defendants), orders and commissioner's subpoenas issued in execution of treaty requests pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. In the absence of a specific request to provide notice, a district court and U.S. authorities can assume that a requesting foreign authority has provided such notice as the foreign law requires, or that foreign law does not require notice and the requesting foreign authority does not consider notice to be necessary or useful. Accordingly, a federal district court should authorize a commissioner to collect the evidence requested without notice to any party other than the recipient of the commissioner's subpoena except to the extent that a request asks for specific notice procedures.

## CONCLUSION

The instant Request is exactly the type of request contemplated for execution under Section 3512. In its sequential legislative efforts relevant to the provision of assistance to foreign authorities, Congress has intended that the United States set an example to other nations by making judicial assistance generously available. <u>See, e.g.</u> <u>In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago</u>, 848 F.2d 1151, 1153-1154 (11th Cir. 1988), <u>cert. denied</u>, 488 U.S. 1005 (1989). Section 3512 enables the

United States to respond "more quickly . . . to foreign evidence requests. These efforts will assist [the United States] with [its] investigations as foreign authorities will be urged to respond in kind to our evidence requests in a speedy manner." 155 Cong. Rec. H10,093 (2009)(Statement of Rep. Schiff).

Accordingly, to execute this Request, the Government moves this Court to issue the attached order pursuant to the Treaty and 18 U.S.C. §3512 appointing the undersigned Assistant U.S. Attorney as commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, to obtain the evidence requested, and to adopt such procedures in receipt of the evidence as are consistent with the intended use thereof.

Respectfully submitted,
LAURA E. DUFFY
United States Attorney

SHITAL THAKKAR
Assistant United States Attorney
Attorneys for Applicant
United States of America
Email: Shital.thakkar@usdoj.gov